UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASHU SHUKLA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>GREGORY A. RICHARDSON,<br><br>　　　　　　Defendant. | Civil Action No. 19-18117 (MAS)<br><br>**MEMORANDUM ORDER** |

　　　　This matter comes before the Court on Plaintiff Ashu Shukla's ("Shukla") pro se Motion to Reopen the Case (the "Motion") (ECF No. 57) and vacate the Court's May 12, 2021 final order granting Defendant Gregory A. Richardson ("Defendant") summary judgment (the "Order") (ECF No. 56). Considering that a year passed since the Court issued its Order,[1] Shukla's Motion is construed as a motion for relief from a final judgment under Federal Rule of Civil Procedure 60(b).[2] Defendant did not respond to Shukla's Motion. For good measure, Shukla subsequently submitted a series of correspondence related to the Motion. (ECF Nos. 58, 59, 60, 61, 62.) The Court has carefully considered Shukla's submissions and decides the matter without oral argument under Local Civil Rule 78.1(b).

　　　　By way of brief background, in 2019, Defendant rejected Shukla's I-765 Application for an Employment Authorization Document ("EAD") and subsequently denied Shukla's motions to

---

[1] Under Local Civil Rule 7.1(i), a party must move for reconsideration "within 14 days after the entry of an order or judgment on the original motion by the Judge or Magistrate Judge." L. Civ. R. 7.1(i); *see also Conserve v. Orange Twp.*, No. 21-872, 2022 WL 1617660, at *3 (D.N.J. May 23, 2022).

[2] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

reopen and reconsider the matter. (Third Am. Compl. ¶¶ 13, 18-20, 22-23, ECF No. 40.) Consequently, Shukla filed an action with this Court in September 2019 to "[c]ompel the [D]efendant to correctly adjudicate [Shukla]'s [EAD] in his favor." (*Id.* at 42.) Reasoning that governing regulations required Defendant to grant his EAD application, Shukla contended that his previous employer, Deloitte, engaged in a conspiracy with Defendant to wrongfully deny his application. (*Id.* ¶ 58.) Defendant subsequently moved for summary judgment, which the Court granted by way of a Memorandum Opinion (the "Opinion") (ECF No. 55) and Order.

But the squeaky wheel gets the grease, and Shukla was not finished litigating his immigration matter. Back again almost a year later, Shukla now contends that Defendant's motion for summary judgment was frivolous, baseless, and fraudulent in that it miscited and misapplied the regulations applicable to Shukla's EAD application. (Motion 2, 21, ECF No. 57.) In addition, Shukla accuses the Clerk of the Court and other courthouse personnel of engaging in a widespread conspiracy to conceal Deloitte's alleged fraud against Shukla. (*E.g.*, ECF No. 62.) On these grounds, Shukla requests that the Court vacate its prior Order and require that the Defendant "immediately grant" his EAD, among other related forms of relief. (Motion 22.)

The Court will not do either of those things. For starters, in considering Shukla's delayed Motion under Rule 60(b), this Court "must apply a high 'extraordinary circumstances' standard." *Tokley v. Ricci*, No. 09-4546, 2017 WL 1181588, at *3 (D.N.J. Mar. 30, 2017). To meet this bar and successfully vacate the Court's prior order granting Defendant summary judgment, Shukla claims that Defendant engaged in fraud. (Motion 21-22.) But Shukla fails to allege the type of fraud at which Rule 60(b)(3) is aimed. *See* Fed. R. Civ. P. 60(b)(3) (stating that courts may relieve a party from a final judgment because of "fraud . . . by an opposing party"). Rather, Rule 60(b)(3) seeks to provide relief for fraudulent conduct committed during the course of litigation by the

opposing party which "prevented the moving party from fully and fairly presenting his case." *See Kiburz v. Sec'y, U.S. Dep't of Navy*, 446 F. App'x 434, 436 (3d Cir. 2011) (quoting *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983)). The alleged fraud in the instant matter, that Defendant willfully miscited and misapplied regulations governing Shukla's EAD application, yielded no impact on Shukla's ability to present his version of the case "fully and fairly" in his federal suit. *See id.*

What's more, it is evident that Shukla is simply unsatisfied with the outcome of his suit and aims to re-litigate his claims. In light of his pro se status, the Court examines Rule 60(b) broadly to see whether there is any other viable avenue for relief based on his Motion. There is not. For example, Shukla resurrects his arguments now, as he did in his Amended Complaint, that he should have been afforded certain whistleblower protections during his immigration application process. (*Compare* Third Am. Compl. ¶¶ 25-27, *with* Motion 21.) But the whistleblower protections only applied "to changes or extensions of status of . . . non-immigrants, not to the [EAD] work authorization Plaintiff sought," as the Court explained in its Opinion. (Opinion 12.) Relitigating previously-addressed claims is not permissible under Rule 60(b).

To be sure, Shukla runs into another problem with the timing of his Motion. Rule 60 requires that motions to vacate be "made within a reasonable time after . . . [an] order." Fed. R. Civ. P. 60(c). While "reasonable time" will depend on the circumstances of a case, a "strict 1-year limitation . . . applies to motions under Rule 60(b)(1)-(3)." *In re Diet Drugs*, 383 F. App'x 242, 246 (3d Cir. 2010); *Gonzalez v. Crosby*, 545 U.S. 524, 542 n.3 (2005). Here, Shukla filed his Motion six days shy of the one-year deadline under Rule 60(b)(3) fraud-based motions.[3] (*See generally* Motion.) This is not reasonable. Particularly so because Shukla did not raise any fact,

---

[3] The Court's Order issued on May 12, 2021. (ECF No. 56.)

3

applicable law, or concern that was not readily apparent on or before the date the Court issued its Order. *See Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1998) (ruling that the plaintiff's motion to vacate failed to meet the reasonable time requirement because it did "not raise any fact or applicable rule of law that did not exist or was not apparent" at the time of the court's initial ruling). Further, Shukla offers no explanation for the delay in his filing. *See id.* (emphasizing that the plaintiff "has offered little explanation for the long delay in filing the Rule 60(b) [m]otion"). For this reason, and for the reasons detailed above, the Court finds no good cause to grant Shukla's Motion. So the Court denies it.

**IT IS**, on this 13th day of July 2022, **ORDERED** as follows:

1. Shukla's Motion to Reopen (ECF No. 57) is **DENIED**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE