UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASHU SHUKLA, | |
| Shukla, | Civil Action No. 19-18117 (MAS) |
| v. | **MEMORANDUM ORDER** |
| GREGORY A. RICHARDSON, | |
| Defendant. | |

This matter comes before the Court upon Plaintiff Ashu Shukla's ("Plaintiff") Motion for Relief from a Final Judgment pursuant to Federal Rule of Civil Procedure 60(b) (the "Second Rule 60(b) Motion").[1] (Second Rule 60(b) Motion, ECF No. 84.) By way of brief background, Plaintiff, proceeding pro se, filed a complaint in 2019 against Defendant Gregory A. Richardson ("Defendant"), Director of the United States Citizenship and Immigration Services ("USCIS") Texas Service Center, alleging that Defendant unlawfully denied Plaintiff's I-765 Application for an Employment Authorization Document ("EAD"). (Third Am. Compl. ¶¶ 13, 18-20, 22-23, ECF No. 40.) Plaintiff also alleged that his previous employer, Deloitte Consulting LLP ("Deloitte"), engaged in a conspiracy with Defendant to wrongfully deny his EAD application.[2] (*Id.* ¶¶ 40-58.) Defendant moved for summary judgment on all of Plaintiff's claims, which the Court granted on May 12, 2021. (ECF Nos. 48, 55.) Plaintiff did not appeal the Court's ruling or the dismissal of his case.

Nearly a year later, on May 6, 2022, Plaintiff filed correspondence with this Court, requesting that the Court reopen this case. (ECF No. 57.) In light of Plaintiff's pro se status, the

---

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

[2] Deloitte had terminated Plaintiff's employment prior to Defendant's denial of Plaintiff's EAD application. (ECF No. 55 at 2.)

Court liberally construed Plaintiff's correspondence as a motion for relief from final judgment pursuant to Rule 60(b) (the "First Rule 60(b) Motion"). (First Rule 60(b) Motion 2, 21, ECF No. 57; *see* ECF No. 63.) Plaintiff argued that Defendant's motion for summary judgment was frivolous and fraudulent, in that it miscited and misapplied the regulations applicable to Plaintiff's EAD application. (First Rule 60(b) Motion 2, 21.) In addition, Plaintiff accused the Clerk of the Court and other courthouse personnel of engaging in a widespread conspiracy to conceal Deloitte's alleged fraud against Plaintiff. (*See, e.g.*, ECF No. 62.) The Court denied Plaintiff's First Rule 60(b) Motion, finding that it was untimely, and that in any event, Plaintiff "fail[ed] to allege the type of fraud at which Rule 60(b)(3) is aimed." (ECF No. 63 at 2, 3.) The Court further noted that it was "evident" that Plaintiff was simply unsatisfied with the outcome of his suit, and cautioned Plaintiff that he could not use Rule 60(b) as an avenue to "[r]elitigat[e] previously-addressed claims." (*Id.* at 3.)

Plaintiff appealed the Court's ruling, which the Third Circuit subsequently dismissed as untimely filed. (ECF Nos. 68, 76.) Plaintiff thereafter filed a motion for a continuance or extension to bring claims against Deloitte, which the Court denied, finding "no good cause to reopen this case." (ECF Nos. 71, 73, 74, 79.) Plaintiff also appealed that ruling, which the Third Circuit dismissed on March 22, 2024 for failure to timely prosecute. (ECF Nos. 80, 83.) On March 6, 2025, Plaintiff filed the Second Rule 60(b) Motion, which is the instant motion before this Court. (*See generally* Second Rule 60(b) Motion.) Plaintiff once again asks the Court to reopen his case, alleging that Deloitte wrongfully suppressed evidence during discovery, and that there are "[n]ewly identified [f]acts" which demonstrate that Deloitte had the impetus and motivation to deprive Plaintiff of his rights. (*Id.* at 17.)

Under Rule 60(b), a party may seek relief from final judgment, and request the reopening of his case, "under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).

2

Specifically, Rule 60(b) provides, in relevant part, that relief from a judgment may be granted on the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). There are time limitations on Rule 60(b) motions. Specifically, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2) and (3), no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

Here, Plaintiff's Second Rule 60(b) Motion purports to invoke subsections (2) and (3) of Rule 60(b), asserting that newly discovered evidence and alleged fraud justify the reopening of his case. (*See generally* Second Rule 60(b) Motion.) Plaintiff's Second Rule 60(b) Motion, however, was filed nearly four years after entry of judgment—well beyond the one-year time limit for seeking relief on these grounds. *See* Fed. R. Civ. P. 60(c); *see Gonzalez*, 545 U.S. at 534-35 (observing that there is a "specific 1-year deadline for asserting three of the most open-ended grounds of relief (excusable neglect, newly discovered evidence, and fraud)"). Even if the Court were to construe Plaintiff's Second Rule 60(b) Motion as seeking relief under one of the other provisions of Rule 60(b), Plaintiff's Second Rule 60(b) Motion is still untimely. *See* Fed. R. Civ. P. 60(c) (requiring that all Rule 60(b) motions be filed "within a reasonable time"); *Yan v. Penn State Univ.*, No. 10-212, 2023 WL 2471341, at *3 (M.D. Pa. Mar. 10, 2023) (citing cases) ("Although the Third Circuit has not provided a precise limit on what constitutes a 'reasonable time,' it has consistently held that Rule 60(b) motions filed two years or more after the entry of

judgment are untimely."). Accordingly, Plaintiff's Second Rule 60(b) Motion is untimely and time-barred.

Even assuming arguendo that Plaintiff's Second Rule 60(b) Motion were timely, it nevertheless fails on the merits. As with Plaintiff's First Rule 60(b) Motion, Plaintiff has not shown the extraordinary circumstances necessary to justify the reopening of his case. *See Gonzalez*, 545 U.S. at 531-32; *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). Plaintiff's only proffer of newly discovered evidence is that his "immediate relative" was pregnant at the time that Plaintiff had a pending lawsuit against Deloitte, and that this, "combined with [the] pregnancy of other female Deloitte supervisors of professionals," warrants the reopening of his case. (Second Rule 60(b) Motion 9-10.) These allegations, however, concern a third-party individual and Plaintiff's former employer, and have no discernible connection to Plaintiff's claims against Defendant.[3] Moreover, because Plaintiff has not shown that he could not, through due diligence, have discovered his relative's pregnancy earlier, this fact is not "newly discovered evidence" within the meaning of Rule 60(b)(2). *See Fain v. USA Techs., Inc.*, 707 F. App'x 91, 99 (3d Cir. 2017) (affirming district court's denial of Rule 60(b) motion where plaintiff failed to show that the purported newly identified material "could not have been discovered prior to [final judgment] through the exercise of reasonable diligence.'")

Likewise, to the extent that Plaintiff alleges that Deloitte "wantonly indulged in suppression or concealment of evidence," that argument is both meritless and outside the scope of Rule 60(b). (Second Rule 60(b) Motion 10.) Deloitte is not a party to this action, and Plaintiff fails to articulate how any alleged misconduct by a third party impeded his ability to fully and fairly litigate his claims in this proceeding. *See Kiburz v. Sec'y, U.S. Dep't of Navy*, 446 F. App'x 434,

---

[3] Highlighting the attenuated nature of this purported newly identified fact to Plaintiff's claims, Plaintiff alleges that this relative was an employee of Facebook, a corporation with no apparent connection to this action. (*See* Second Rule 60(b) Motion 9.)

4

436 (3d Cir. 2011) (explaining that a plaintiff moving under Rule 60(b) must specify how the alleged fraud "prevented him from fully and fairly presenting his case").

Ultimately, Plaintiff's Second Rule 60(b) Motion represents nothing more than an impermissible attempt to relitigate matters already decided and to circumvent the appellate process that Plaintiff failed to timely pursue. As the Court has already cautioned Plaintiff once, however, Rule 60(b) "may not be used as a substitute for appeal" and may not be used to reargue the merits of a case. *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988). The Court's judgment is final, and the standard for reopening a case is exacting. Plaintiff's continued filing of meritless motions seeking to revisit these matters is improper.

Based on the foregoing,

**IT IS**, on this __26th__ day of __August__ 2025, **ORDERED** that:

1. The Clerk of Court shall reopen this matter for the limited purpose of considering Plaintiff's Second Rule 60(b) Motion.

2. Plaintiff's Second Rule 60(b) Motion (ECF No. 84) is **DENIED**.

3. The Clerk of Court shall close this case.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE